Filed 1/9/24  P. v. Mitchell CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DIONDRE KEISHONE MITCHELL,<br><br>    Defendant and Appellant. | B324521<br><br>(Los Angeles County<br>Super. Ct. No. KA018803) |

APPEAL from an order of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Diondre Keishone Mitchell appeals from a postconviction order denying his petition for resentencing under Penal Code section 1172.6.[1]  The trial court determined at the prima facie review phase that Mitchell was not eligible for relief as a matter of law because the record for his second degree murder conviction showed he was the actual killer.  On appeal, Mitchell contends the trial court erred in making that determination.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

A.      *The Underlying Crime, Conviction, and Direct Appeal*

The following factual summary is drawn from our nonpublished opinion affirming Mitchell's conviction, which we quote for the limited purpose of providing context for the instant appeal.  We do not use it to determine if Mitchell made a prima facie showing.  (See *People v. Flores* (2022) 76 Cal.App.5th 974, 988; *People v. Clements* (2022) 75 Cal.App.5th 276, 292.)

"[D]uring the evening of June 2, 1993, [Mitchell, a 16-year-old,] obtained a .25 caliber pistol from 17-year-old Michael W. who kept the gun for personal protection.  Thereafter, [Mitchell] rode off on his bicycle accompanied by Michael W. and 17-year-old Keith C. on a second bicycle.  At approximately 10:30 p.m., [Mitchell] confronted another cyclist, Pablo Moya, and blocked his way.  He then shot and killed Moya as he protested 'no problema, no problema.'  [Mitchell] associated with the 76th East Coast Crips gang and was known as 'Six Shot.'  He had been involved in an altercation with Mexican gang members one week earlier, along with Michael W., and the two had been expelled from school for this reason.  After the murder, [Mitchell] was giggling

---

[1]      All statutory references in this opinion are to the Penal Code.

and laughing, and stated to Michael W. that it was better for a Mexican to be dead than a Black.  Despite this, Michael W. did not believe that the killing was racially motivated." (*People v. Mitchell* (Aug. 10, 1995, B088704) [nonpub. opn.], at pp. 2–3.)

The People charged Mitchell with murder, and specially alleged that he committed the offense because of race (§ 190.2, subd. (a)(16)); with personal use of a firearm (§§ 1203.06, subd. (a)(1)), 12022.5, subd. (a)); for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1), (2)); and as a hate crime (§ 422.75, subd. (a)).

Mitchell waived his right to a jury trial, and the matter proceeded to a bench trial.  During trial, the court dismissed the allegation that the victim was killed because of his race.  At the conclusion of trial, the court found Mitchell guilty of second degree murder and imposed firearm and hate crime enhancements.  The court did not impose a gang enhancement. The court sentenced Mitchell to 15 years to life for murder, with three years consecutive for the firearm enhancement and one year concurrent for the hate crime enhancement.  On appeal, we affirmed the judgment, rejecting Mitchell's challenges to the hate crime enhancement and his assertion that the case needed to be remanded for a determination on his commitment to the California Youth Authority.

B.    *Mitchell's Resentencing Petitions*

On March 4, 2020, Mitchell filed a petition for resentencing under section 1172.6.  Before it was heard, Mitchell withdrew the petition to avoid delay on his request for proceedings under *People v. Franklin* (2016) 63 Cal.4th 261.

On November 3, 2021, Mitchell filed a second section 1172.6 petition, which the trial court summarily denied

without appointment of counsel. The court described having reviewed a case file that was "evidently . . . reconstructed because of the age of the case." Even so, the court found the record still contained "sufficient information" to conclude Mitchell was not eligible for relief as a matter of law. Namely, the court explained, Mitchell "was not prosecuted as an aider and abettor or under any felony murder theory of liability" and it "[w]as abundantly clear that he was the actual killer and personally used a firearm in the commission of that offense."

On February 28, 2022, Mitchell filed a third section 1172.6 petition. As with his previous petitions, Mitchell requested appointment of counsel and declared that a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; that at trial he was convicted of murder; and that he could not now be convicted of murder because of changes made to sections 188 and 189.

The court appointed counsel, recognizing the recent decision in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), and set the matter for further review. The court explained that it denied Mitchell's previous petition because he "was an actual killer in this case. As a matter of fact, he admitted he was the actual killer but claimed he acted in self-defense."

Thereafter, the People filed an opposition stating that Mitchell was not entitled to relief because he was "the only and actual killer." However, the People further explained they were "unable to refute Petitioner's claim that he was prosecuted pursuant to felony murder and/or natural and probable consequences theories of murder liability" because "the court trial

4

transcripts and the jury instructions have not been located." Thus, the People continued, "Respondent will concede that a prima facie case exists, despite the fact that Petitioner Mitchell is the only perpetrator to this execution." Consistent with this concession, the People informed the court it would seek the denial of Mitchell's petition following an evidentiary hearing.

On July 12, 2022, the court denied Mitchell's petition, explaining that "he was the actual killer and that was abundantly clear given [its] review of the record of conviction; so he's not entitled to relief as a matter of law." The court noted further that "it is abundantly clear that he's the one that pulled the trigger," and that "he did not aid and abet or was part of a felony murder defendant under that type of liability. It appears that he was the actual killer, and the issue at trial was an issue of self-defense."[2]

Mitchell filed a late notice of appeal with our permission.

## DISCUSSION

A. *Senate Bill No. 1437 and Section 1172.6*

With Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Sen. Bill 1437), the Legislature eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder as an aider and abettor, and significantly limited the scope of the felony murder rule. (*People v. Strong* (2022)

---

[2] The record on appeal does not clarify what portions of the record of conviction the trial court relied upon to deny Mitchell's petition. Nonetheless, to ensure the full record of conviction was before us, we augmented the appellate record with the entire superior court case file and record in Mitchell's direct appeal. (*People v. Mitchell, supra*, B088704.)

5

13 Cal.5th 698, 707–708; *Lewis*, *supra*, 11 Cal.5th at p. 957; *People v. Gentile* (2020) 10 Cal.5th 830, 842–843, 847–848 (*Gentile*); see *People v. Reyes* (2023) 14 Cal.5th 981, 984.)

Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony murder rule as set forth in section 189, subdivision (e). (*People v. Reyes*, *supra*, 14 Cal.5th at p. 986; *Gentile, supra*, 10 Cal.5th at pp. 842–843.) The latter provision requires the People to prove that the defendant was the actual killer (§ 189, subd. (e)(1)); an aider and abettor to murder who had intent to kill (§ 189, subd. (e)(2)); or a major participant in an underlying felony listed in section 189, subdivision (a), who acted with reckless indifference to human life as described in section 190.2, subdivision (d) (§ 189, subd. (e)(3)). (See *People v. Strong*, *supra*, 13 Cal.5th at p. 708.)

Senate Bill 1437 also provided a procedure (now codified in section 1172.6) for an individual convicted of felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if the individual could not have been convicted of murder in light of Senate Bill 1437's changes to sections 188 and 189. (*Lewis*, *supra*, 11 Cal.5th at p. 959; *Gentile, supra*, 10 Cal.5th at p. 847.)

If a section 1172.6 petition contains all the required information, the sentencing court must grant a petitioner's request for appointment of counsel. (*Lewis*, *supra*, 11 Cal.5th at pp. 962–963; see § 1172.6, subd. (b)(1)(A), (3).) The prosecutor must then file a response to the petition, the petitioner may file a reply, and the court must hold a hearing to determine whether

6

the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subd. (c).) If such a showing is made, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c) & (d)(1).)

We review de novo an order denying a petition under section 1172.6 without issuing an order to show cause. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; *People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

B. *Mitchell Is Ineligible for Relief Because He Was Found Guilty of Implied Malice Murder as the Actual Killer*

Mitchell argues he is entitled to an evidentiary hearing based on his prima facie showing. He emphasizes that the People conceded as much before the trial court, and contends that the court erred by finding him ineligible for relief as a matter of law. The People now describe their concession as "mistaken" and assert that Mitchell's record of conviction conclusively disproves his prima facie case. We agree with the People.

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, "'"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved."'" (*Lewis, supra*, 11 Cal.5th at p. 971.) "'[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is

7

justified in making a credibility determination adverse to the petitioner.""" (*Ibid*.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972; see *People v. Eynon* (2021) 68 Cal.App.5th 967, 975.)

As noted above, Mitchell averred in his resentencing petition that he was prosecuted and convicted under the felony murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of murder because of the legislative changes to sections 188 and 189. While on their face these allegations establish eligibility for relief under section 1172.6, they are also refuted by the record of conviction, which includes the transcript of the trial court's ruling at the conclusion of the bench trial. (*People v. Lopez* (2023) 88 Cal.App.5th 566, 572 [trial transcripts generally considered part of the record of conviction].)

As an initial matter, without jury instructions to consider, the parties' closing arguments are instructive as to the theories of liability that were before the court. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 102 [closing arguments can be included within the record of conviction].) The prosecution argued Mitchell committed first degree murder with implied malice. Mitchell's counsel acknowledged that Mitchell shot the victim but argued for manslaughter based on a lack of evidence of intent or malice.

With those theories before it, the trial court framed the issue as "whether this is first degree or second degree murder." The court explained that it had reasonable doubt as to premeditation, but also that it found Mitchell had acted with implied malice. After reciting the implied malice definition, the

8

court confirmed that it "does find implied malice, so the court finds that the defendant is guilty of second degree murder."

Collectively, the record of conviction shows that contrary to his petition allegations Mitchell was not convicted under the felony murder rule or the natural and probable consequences doctrine. Rather, he was convicted of implied malice murder as the actual killer. Under those circumstances, he is ineligible for relief under section 1172.6 as a matter of law. (*People v. Schell* (2022) 84 Cal.App.5th 437, 442 ["The theory of second degree implied malice murder[] remains valid notwithstanding the recent changes effected by Senate Bill No. 1437 and Senate Bill No. 775"]; *People v. Garcia* (2022) 82 Cal.App.5th 956, 973 ["As a matter of law, resentencing relief under section 1172.6 is not available to an 'actual killer'"].) Because that was apparent from the record of conviction and without any fact-finding, the trial court did not err in denying Mitchell's petition at the prima facie stage. (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

## DISPOSITION

The order denying Mitchell's resentencing petition is affirmed.

EVENSON, J.[*]

---

[*] Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

We concur:


SEGAL, Acting P. J.


MARTINEZ, J.